UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

ANGELA K. PHILLIPS,                  Case No. 14-21741-dob

       Debtor.                        Chapter 7 Proceeding
                                                 Hon. Daniel S. Opperman

_____/

## OPINION REGARDING TRUSTEE FINAL APPLICATION FOR COMPENSATION AND FINAL FEE APPLICATION OF COLLENE K. CORCORAN, ATTORNEY FOR CHAPTER 7 TRUSTEE

### Facts

Collene K. Corcoran (the "Trustee") was appointed the Chapter 7 Trustee in this case and hired herself as an attorney. Because the issues in this estate involved an objection to exemptions in Debtor's real estate, as well as non-exempt rent collected by Debtor, topics in which the Trustee is knowledgeable, she decided to hire herself as attorney.

The factual background describing the Trustee's work performed in this case, both as Trustee and as attorney for Trustee, is described in this Court's Opinion Regarding Debtor's Motion To Convert to Chapter 13, entered on June 26, 2015 (Docket No. 57). The relevant portion of that Opinion is restated here.

> On July 30, 2014, the Debtor filed a Chapter 7 petition. On Schedule A, Debtor listed real estate located at 410 W. 12 Mile Road, Royal Oak, Michigan, ("Property") as having a value of $65,000.00, which the fair market value of the Property being based on the "purchase price and recent comparables in the area." Debtor claimed an exemption pursuant to 11 U.S.C. § 522(d)(1) in the Property on Schedule C in the amount of $3,433.00, which represents the difference between the asserted $65,000 value and the lien on the property in the amount of $61,567.00. Debtor placed a notation under the Property on both Schedules A and C, which states:

1

Debtor's [sic] holds title by virtue of quit claim deed from ex-husband. This was their former marital home. After her divorce, the debtor lost her job and was forced to relocate to Midland MI. The home is now being rented out with rental payments covering mortgage loan, taxes and insurance expense.

Ms. Corcoran conducted a first meeting of creditors on September 3, 2014, which was continued to September 17, 2014. The Debtor appeared at the first meeting of creditors.

Thereafter, a series of amendments by Debtor to her Schedules concerning the Property ensued. On September 23, 2014, Debtor amended Schedule C to "properly exempt real estate," changing the exemption taken in the Property from Section 522(d)(1) to Section 522(d)(5).

The Trustee filed a Notice of Assets and Notice to Creditors on October 10, 2014. Debtor amended Schedules A and C on October 12, 2014, to change the exemption taken in the property back to Section 522(d)(1), and keeping the amount of the exemption the same, at $3,433.00. The Trustee filed an Objection to Debtor's exemptions one day later, on October 13, 2014. In her objection, the Trustee asserts that Debtor was not living at the Property when she filed this bankruptcy case and, thus, is not entitled to claim an exemption under Section 522(d)(1).

On November 6, 2014, Debtor amended Schedule A to change the current value of the Property from $65,000.00 to $83,000.00, indicating such value was the "FMV based on Comparative Market Analysis," and amended Schedule C to "adjust exemptions," changing the value of her claimed exemption in the Property under Section 522(d)(1) from $3,433.00 to $21,433. On December 5, 2014, Debtor again amended Schedule C, making changes unrelated to the Property.

In the middle of all of this, on October 20, 2014, the Trustee filed a Complaint to deny Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (B) and (a)(4)(D), which is pending as Adversary Proceeding 14-2113.

Three days later, on October 23, 2014, the Debtor filed the motion to convert her Chapter 7 case to Chapter 13. After evidentiary hearings held on January 29, 2015, and February 20, 2015, the Court entered a briefing schedule. After post-hearing briefs were filed by both the Trustee and Debtor, the Court entered the above-referenced Opinion. Also on June 26, 2015, the Court entered its Order Conditionally Granting Debtor's Motion to Convert to Chapter 13 (Docket No. 58), which

stated as follows:

ORDER CONDITIONALLY GRANTING DEBTOR'S MOTION TO CONVERT TO CHAPTER 13

> For the reasons stated in this Court's contemporaneous Opinion Regarding Debtor's Motion to Convert to Chapter 13;
>
> WHEREFORE, IT IS HEREBY ORDERED that Debtor's Motion to Convert this Chapter 7 case to a Chapter 13 case is CONDITIONALLY GRANTED;
>
> IT IS FURTHER ORDERED that counsel for the Trustee Collene K. Corcoran and the Trustee Collene K. Corcoran are directed to file an application for administrative fees and expenses within twenty-one (21) days of the date of this Order. Each application shall allow the Debtor and interested parties twenty-eight (28) days to object to the application. If no objection is filed, then the requested Chapter 7 administrative fees and expenses shall be allowed in full;
>
> IT IS FURTHER ORDERED that the Debtor shall have twenty-eight (28) days after the filing of the application for fees and expenses by counsel for the Trustee Collene K. Corcoran and Trustee Collene K. Corcoran to determine if she wishes to continue her motion to convert to Chapter 13, or wishes to withdraw her motion;
>
> IT IS FURTHER ORDERED that unless the Debtor withdraws her motion to convert within twenty-eight (28) days after the determination of the Chapter 7 administrative costs and expenses, the Debtor's motion to convert to Chapter 13 is granted, conditioned upon payment of the Chapter 7 administrative costs and expenses as determined by this Court.

The present issue before the Court is the First Application for Compensation of Collene K. Corcoran, as attorney for the Trustee (the "Attorney Fee Application"), as well as the Trustee's Final Application for Compensation for Collene K. Corcoran, Chapter 7 Trustee (the "Trustee Fee Application"). The Attorney Fee Application is for the time period September 23, 2014, through June 27, 2015, and requests fees in the amount of $10,750.00, and expenses of $368.43. The Trustee Fee Application requests fees in the amount of $7,503.35, and expenses of $0.

3

The Debtor filed an objection to both Applications, asserting that it is her intent to convert her case to a Chapter 13 case, and that the June 26, 2015, Order does not require her to pay all of the Trustee's expenses and fees before conversion may occur. While Debtor concedes that any fees or expenses allowed would "properly be characterized as a priority administrative expense, payable through the Chapter 13 Plan, once one is submitted and confirmed," she argues that "the services provided by the Trustee were unnecessary and did not benefit the estate." Debtor asserts that the work performed by the Trustee as attorney is for work she normally provides in any Chapter 7 case in her role as Trustee, and if the Court allows all of the requested fees for both Applications, the amount paid to unsecured creditors under a Chapter 13 Plan "will be substantially reduced." The Debtor's objections are not specific to individual time entries. The Court heard oral argument regarding the Applications on August 27, 2015, and took this matter under advisement.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Law

Trustee Compensation Under 11 U.S.C. § 326

Section 326(a) provides the maximum compensation for Chapter 7 and Chapter 11 trustees, providing as follows:

> In a case under chapter 7 or 11, the court *may allow* reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon

4

all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (emphasis added).

The amount of compensation awarded a trustee under Section 326(a), is a maximum or cap on the amount, rather than a mandatory, presumptive award. If a mandatory award, the words "shall" or "must," rather than "may" would have been used by Congress. Thus, while the Court notes that the maximum allowed statutory compensation is typically awarded, courts have discretion in awarding trustee compensation under Section 326(a). *See, e.g.*, *In re Phillips*, 392 B.R. 378, 382-83 (Bankr. N.D. Ill. 2008).

Attorney Fee Application under 11 U.S.C. § 330

Section 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

(i) unnecessary duplication of services; or

(ii) services that were not–

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

## Analysis

Trustee Fee Application

The Trustee's requested compensation is calculated as follows:

| | | | |
|---|---|---|---|
| SALE OF HOUSE | $106,500 | | |
| LESS DEBTOR'S EXEMPTION | ($21,433) | | |
| BALANCE OF FUNDS TO ESTATE | $85,067 | | |
| | | | |
| Receipts | $85,067.00 | 25% of first 5,000 | $1,250.00 |
| | -5,000.00 | ($1,250.00 Max) | |
| Balance | $80,067.00 | 10% of next 45,000 | $4,500.00 |
| Less | -45,000.00 | ($4,500.00 Max) | |

| | | | |
|---|---|---|---|
| Balance | $35,067.00 | 5% of next 950,000 | $1,753.35 |
| Less | -950,000.00 | ($47,500.00 Max) | |
| TOTAL COMPENSATION REQUESTED | | | $7,503.35 |
| PRIOR ALLOWED AND PAID FEES | | | $0.00 |
| **TOTAL** | | | **$7,503.35** |

The Court concludes that the plain language of Section 326(a) requires that the Trustee have actually "disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." There is no dispute that the Trustee has made no such disbursements yet in this case, while such may be her intent if she administers this Chapter 7 case to its conclusion. While this may be an inequitable result under the circumstances of this case as it currently exists, the Trustee's interests are preserved by the full award of her attorney fees as an administrative priority claim, as well as the protections that Debtor must successfully obtain confirmation of a Chapter 13 plan and complete such plan in good faith to the best of her ability. The Court will offer one additional protection for the Trustee in this regard: Under the circumstances of this case, the Court will order that pursuant to 11 U.S.C. § 1307(b),[1] Debtor may not dismiss her Chapter 13 case, but may only convert such to another Chapter. This will ensure Debtor's sincerity to be a Chapter 13 Debtor as well, and add more protection for the Trustee in that in the event this case converts to Chapter 7, the Trustee is afforded an opportunity to be compensated as allowed by 11 U.S.C. § 326(a).

Attorney Fee Application

---

[1] 11 U.S.C. § 1307(b) states: On request of the debtor an any time, *if the case has not been converted under section 706,* 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable. (emphasis added).

Debtor does not object to fees at the rate requested in the Attorney Fee Application of $250 per hour. The Court finds that the $250.00 per hour rate charged by the Trustee is reasonable in this case and is commensurate with the rate for attorneys with similar experience and of similar locale.

Without specific objections by Debtor as to time entries in the Attorney Fee Application, the Court analyzes this case and the work performed by the Applicant, as attorney for the Trustee, generally. The Court notes that this is an unusual Chapter 7 case, complicated by the Debtor's living situation as impacting the exemptions taken in real property, as well as the value of such, both of which required significant legal work by the Trustee. This required a great deal of attention by the Trustee, in her role as attorney. The required attention therefore resulted in additional time, one of the factors of 11 U.S.C. § 330. These services were necessary to the administration of the real property involved and completion of the case. Moreover, it appears that the Trustee spent considerable time performing legal work, including discovery and preparation for the evidentiary hearings. As a result, the Trustee acted to recover, and arguably would have recovered significant funds for distribution to unsecured creditors if this case were to continue as a Chapter 7.

The Court accordingly holds that the fees requested in the Attorney Fee Application are reasonable under 11 U.S.C. § 330. To the extent that Debtor objects to the amount of the fees requested under 11 U.S.C. § 330, the Court overrules those objections.

## Conclusion

In conclusion, the Court sustains the Debtor's objections as to Debtor's objections to the Trustee Fee Application, and awards $0.00.

The Court overrules the Debtor's objections as to the Attorney Fee Application, and awards attorney fees of $10,750.00 and expenses of $368.43.

As ordered in the Court's June 26, 2015, Order, all awarded compensation and fees shall be

8

paid as administrative priority claims in Debtor's Chapter 13 case. Debtor shall have twenty-eight (28) days from the date of an Order regarding this Opinion to withdraw her Motion To Convert to Chapter 13, or this case shall automatically convert to Chapter 13 under these terms.

If Debtor does convert this case to Chapter 13, Debtor may not dismiss said Chapter 13 case, and may only have the option of converting such to another chapter under Title 11 of the United States Code.

The Court directs the Trustee to prepare and present an appropriate order.

**Not for Publication**

```
Signed on December 09, 2015
                                             /s/ Daniel S. Opperman
                                        Daniel S. Opperman
                                        United States Bankruptcy Judge
```